This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Plaintiff/Cross-Defendant/Appellant,**
**v.**
**FARMERS INSURANCE COMPANY OF ARIZONA,**
**Defendant/Cross-Plaintiff/Appellee.**

Docket No. A-1-CA-36055
COURT OF APPEALS OF NEW MEXICO
May 23, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Alan M. Malott, District Judge

### COUNSEL

Miller Stratvert P.A., Todd A. Schwarz, Luke A. Salganek, Albuquerque, NM for Appellant

O'Brien & Padilla, P.C., Daniel J. O'Brien, Kerri L. Allensworth, Albuquerque, NM for Appellee.

### JUDGES

MEGAN P. DUFFY, Judge. WE CONCUR:  JULIE J. VARGAS, Judge ZACHARY A. IVES, Judge

**AUTHOR:** MEGAN P. DUFFY

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) appeals the district court's order granting summary judgment in favor of Defendant Farmers Insurance Group of Arizona's (Farmers). We affirm.

### BACKGROUND

**{2}** The relevant facts are undisputed. Nathaniel Rodriguez (Passenger) was a passenger in a vehicle driven by Luis Castro (Driver), and was severely injured when Driver drove "over a dip in the road, lost control of the vehicle, and wrecked into a utility box." Driver was insured by State Farm with a policy that provided liability coverage in the amount of $250,000 per person/$500,000 per occurrence. The State Farm policy also provided uninsured/underinsured motorist (UM/UIM) coverage in the amount of $250,000, but contained a contractual offset provision that allowed State Farm to reduce any UM/UIM coverage by the amount paid in liability coverage. Passenger, through his parents, had insurance coverage through Farmers, which provided UM/UIM coverage in the total amount of $90,000 through three stacked policies.

**{3}** After the accident, State Farm tendered its liability policy limit of $250,000 to Passenger. The parties agree that Passenger's damages were at least $340,000, but State Farm and Farmers could not agree about whether an additional amount was owed to Passenger under the UIM coverage provided by either the State Farm or the Farmers policies, or about which carrier should receive the offset for the $250,000 liability proceeds already paid by State Farm. State Farm paid an additional $90,000 in UIM coverage to Passenger and obtained an assignment from his family to pursue a declaratory judgment action against Farmers to adjudicate these issues.

**{4}** State Farm sued Farmers and moved for summary judgment, arguing that it was entitled as a matter of law to contractual and statutory offsets for its $250,000 liability payment and that Farmers was required to reimburse State Farm for the $90,000 UIM payment it made to Passenger. Farmers responded and filed a cross-motion for summary judgment, arguing that pursuant to *Samora v. State Farm Mut. Auto. Ins. Co.*, 1995-NMSC-022, 119 N.M. 467, 892 P.2d 600, its $90,000 in UIM coverage was entirely offset by State Farm's $250,000 liability payment and, therefore, it owed no UIM benefits to Passenger. The district court determined that *Samora* controlled and entered summary judgment in favor of Farmers. State Farm appeals.

**STANDARD OF REVIEW**

**{5}** The parties do not dispute the underlying facts in their cross-motions for summary judgment. We review the district court's grant of summary judgment de novo. *Salas v. Mountain States Mut. Cas. Co.*, 2009-NMSC-005, ¶ 12, 145 N.M. 542, 202 P.3d 801. "Summary judgment is only appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Garcia v. Underwriters at Lloyd's, London*, 2008-NMSC-018, ¶ 12, 143 N.M. 732, 182 P.3d 113 (internal quotation marks and citation omitted). "All reasonable inferences from the record are construed in favor of the non-moving party." *Id.*

**DISCUSSION**

**{6}** In this appeal, State Farm asks us to clarify, in the context of a single-vehicle accident, how to apply contractual and statutory offsets against its liability payment to determine the total UIM coverage available to Passenger, if any. Our Supreme Court

addressed these very questions more than twenty years ago in *Samora*, but State Farm claims that "insurance companies in New Mexico have been uncertain as to the application of statutory and contractual offsets" in the wake of our Supreme Court's more recent decision in *State Farm Mut. Auto. Ins. Co. v. Safeco Ins. Co.*, 2013-NMSC-006, 298 P.3d 452. *Safeco*, however, is consistent with *Samora*, and together these cases provide clear instruction on how to analyze the dispositive question in this appeal: whether an injured party has a UIM claim.

**{7}**　"[I]n evaluating whether [Passenger] has a UIM claim, [this Court] must determine both the tortfeasor's liability limits and the insured's total UIM coverage, which may include multiple stacked policies." *Safeco Ins. Co.*, 2013-NMSC-006, ¶ 8. The first step in this process is determining Passenger's status under each policy. *See Samora*, 1995-NMSC-022, ¶ 5. Passenger was a Class I insured under his Farmers policy and had $90,000 in total UIM coverage. *See id.* (defining Class I insured). Passenger was a Class II insured under Driver's State Farm policy "by virtue of [his] passenger status in an insured vehicle." *Id.* (internal quotation marks and citation omitted). Driver had $250,000 in total liability coverage and $250,000 in UM/UIM coverage subject to a contractual offset.

**{8}**　The contractual offset in the State Farm policy is enforceable and operates to offset any UIM coverage by the amount of liability benefits State Farm paid to Passenger. *See id.* ¶ 8 (upholding a Class II insurer's contractual offset "under which UIM coverage was offset by the amount paid under the liability portion of the policy"); *Mountain States Mut. Cas. Co. v. Martinez*, 1993-NMSC-003, ¶ 3, 115 N.M. 141, 848 P.2d 527 (holding that the contractual liability offset provision in a negligent host driver's insurance policy is enforceable and not against public policy such that a guest passenger is not permitted to recover under both the liability and underinsured motorist provisions). Because the amount of the liability payment is equal to the amount of UIM coverage available under the State Farm policy and Passenger received the full liability benefit, no UIM benefits are available to Passenger under the State Farm policy. Therefore, Passenger's only UIM coverage arises under his Farmers' policy in the amount of $90,000—the total coverage available for purposes of evaluating whether Passenger has a UIM claim.

**{9}**　Both *Safeco* and *Samora* instruct us that our next—and, in this case, final—step is to apply the statutory offset found in NMSA 1978, Section 66-5-301(B) (1983) by subtracting the liability benefit from the total UIM coverage to determine whether Driver is an underinsured motorist. *Safeco Ins. Co.*, 2013-NMSC-006, ¶¶ 4, 8-9 (stating that if the total of the UIM coverage exceeds the tortfeasor's liability limits, the tortfeasor is an underinsured motorist); *Samora*, 1995-NMSC-022, ¶ 13 (holding that the Class I insurer is entitled to offset of its UIM coverage, pursuant to Section 66-5-301(B) by subtracting the amount of the liability payment and, after applying that formula, finding that the negligent driver was not underinsured). Our Supreme Court discussed the purpose of the statutory offset in *Samora*, saying:

Section 66-5-301(B) defines an 'underinsured motorist' . . . [and the Court] interpreted the statutory definition of 'underinsured' as inherently including an offset equal to the tortfeasor's liability coverage. Specifically, [the Court] noted that because Section 66-5–301(B) limits the insured's recovery to the amount of uninsured motorist coverage purchased for his or her benefit—assuming the insured's damages exceed the amount of that coverage—a person will be underinsured only when the aggregate of the insured's uninsured motorist coverage reduced by the tortfeasor's liability coverage is greater than zero. Thus offset is required to ensure that the insured does not receive payment from his or her insurer greater than the coverage purchased.

1995-NMSC-022, ¶ 10 (internal quotation marks and citation omitted). In *Samora*, just as in this case, the only UIM coverage available to the injured passenger came from the passenger's own Class I UIM coverage, and our Supreme Court held that the Class I insurer was entitled to the statutory offset. *Id.* ¶ 13. *Safeco* states that when multiple UIM policies are available, the statutory offset is subtracted from the total stacked UIM coverage amount to determine the limit of the UIM recovery. *Safeco Ins. Co.*, 2013-NMSC-006, ¶ 4. Applying the statutory offset in accordance with *Samora* and *Safeco*, Passenger's UIM coverage—$90,000 from three stacked Farmers policies—does not exceed the $250,000 in liability coverage available from the State Farm policy. Therefore, Driver is not underinsured pursuant to Section 66-5-301(B), and Passenger is not entitled to any UIM benefit. The district court correctly entered summary judgment in favor of Farmers.

**CONCLUSION**

**{10}** For the foregoing reasons, we affirm the district court.

**{11}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**ZACHARY A. IVES, Judge**